**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ENDURANCE AMERICAN                    )
INSURANCE COMPANY, and                )
BERKLEY NATIONAL                      )
INSURANCE COMPANY,                    )
                                      )
          Plaintiffs,                 )
                                      )
     v.                               )     Case No.   26-CV-2816
                                      )
PRAIRIE FARMS DAIRY, INC.,            )
P.F.D. SUPPLY CORPORATION,            )
and PAULA JOHNSON, on behalf          )
of herself and children of ERIC       )
JOHNSON, deceased, and as             )
administrator of the ESTATE OF        )
ERIC JOHNSON, deceased,               )
                                      )
          Defendants.                 )

**COMPLAINT FOR DECLARATORY JUDGMENT**

Endurance American Insurance Company ("Sompo") and Berkley National

Insurance Company ("Berkley National"), through their undersigned counsel, file

this Complaint for Declaratory Judgment against Defendants Prairie Farms Dairy,

Inc. ("Prairie Farms"), P.F.D. Supply Corporation ("P.F.D. Supply"), and Paula

Johnson ("Johnson"), and allege as follows:

**NATURE OF THE CASE**

1.   This action seeks a declaration regarding insurance coverage for

punitive damages awarded in an underlying action styled *Johnson v. Prairie Farms*

*Dairy, Inc., et al.*, filed in the Circuit Court of Madison County, Illinois. In that

action, the jury returned a verdict awarding $190 million in punitive damages against Prairie Farms and $1.5 million in punitive damages against P.F.D. Supply.

2. Consistent with Illinois law, the excess liability policies issued by Sompo and Berkley National provide that only vicarious liability for punitive damages will be considered covered damages. The punitive damages awarded in the underlying action were assessed directly against Prairie Farms and P.F.D. Supply based on their own acts and omissions. As a result, the punitive damages award does not fall within the limited category of punitive damages that the policies recognize as covered damages. And such damages are uninsurable as a matter of public policy.

3. Because an actual and justiciable controversy exists regarding whether the punitive damages award constitutes covered damages, Sompo and Berkley National bring this action seeking a declaration that the punitive damages awarded in the underlying action are not covered under their excess insurance policies.

## THE PARTIES

4. Sompo is a Delaware corporation with its principal place of business in New York.

5. Berkley National is an Iowa corporation with its principal place of business in Iowa.

6. Prairie Farms is an Illinois corporation with its principal place of business in Illinois.

7. P.F.D. Supply is an Illinois corporation with its principal place of business in Illinois.

8. Paula Johnson is an individual domiciled in Missouri. Paula Johnson was the wife of Eric Johnson, deceased, who was also domiciled in Missouri prior to his death. Paula Johnson filed the underlying lawsuit in Madison County, Illinois on her own behalf and on behalf of Eric Johnson's children, who are also domiciled in Missouri. Paula Johnson is also the administrator of the Estate of Eric Johnson and brought the underlying lawsuit in that capacity.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 exclusive of costs and interest, and there is complete diversity of citizenship between the Plaintiffs and Defendants. Specifically, this matter concerns insurance coverage for punitive damages awards totaling $191,500,000, under insurance policies whose collective limits total $50,000,000.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and because Defendants are subject to personal jurisdiction within this District. Specifically, the insurance policies issued by Sompo and Berkley National were negotiated with and issued through insurance brokers in Chicago, Illinois; and Prairie Farms and P.F.D. Supply conduct substantial operations insured under those policies in this District.

11. Personal jurisdiction exists because all Defendants have sufficient minimum contacts with the State of Illinois. Prairie Farms and P.F.D. Supply are headquartered and incorporated in Illinois. Johnson has availed herself of the courts of Illinois by filing and prosecuting tort litigation against Prairie Farms and P.F.D. Supply, obtained a judgment against Prairie Farms and P.F.D. Supply in that litigation, and has sought to enforce the judgment in Illinois courts. This insurance coverage matter arising out of that judgment and, thus, Johnson's contacts with the state of Illinois.

## FACTS

### *The Sompo Policy*

12. Sompo issued a commercial excess liability insurance policy to Prairie Farms for the policy period from April 1, 2016, to April 1, 2017. A true and correct copy of the Sompo policy, with premium information redacted, is attached to this complaint as Exhibit 1.

13. Prairie Farms procured the Sompo policy through an insurance agent or broker located in Cook County, Illinois.

14. Under the policy, Sompo agreed to pay, on behalf of an insured, covered loss in excess of the underlying limits of insurance, comprising the following: (a) a commercial general liability policy issued by ACE American Insurance Company that has a $2 million limit per occurrence; (b) a commercial umbrella liability policy issued by Travelers Property Casualty Company of America ("Travelers") that has a $10 million limit per occurrence; (c) a commercial excess

policy issued by Indian Harbor Insurance Company that has a $15 million limit per occurrence; and (d) commercial excess liability policies issued by Great American Insurance Company and Berkley National Insurance Company, that have combined limits of $50 million per occurrence.

15.    The Sompo policy follows form to the terms, conditions, definitions, and exclusions of the Travelers policy, except to the extent the terms, conditions, definitions, or exclusions of the Sompo policy differ from those of the Travelers policy. A true and correct copy of the Travelers policy, with premium information redacted, is attached to this complaint as Exhibit 2.

16.    Accordingly, under the Travelers policy, and therefore under the Sompo policy except where modified, the policies cover sums that an insured becomes legally obligated to pay as damages because of bodily injury that occurs during the policy period.

17.    The Travelers policy, and therefore the Sompo policy, further provides that "[p]ursuant to Illinois law, only the vicarious liability for punitive or exemplary damages . . . will be considered damages covered by this policy."

*The Berkley National Policy*

18.    Berkley National issued a commercial excess liability insurance policy to Prairie Farms for the policy period from April 1, 2016 to April 1, 2017. A true and correct copy of the Berkley National policy, with premium information redacted, is attached to this complaint as Exhibit 3.

19. Prairie Farms procured the Berkley National policy through an insurance agent or broker located in Cook County, Illinois.

20. Under the policy, Berkley National agreed to pay, on behalf of an insured, covered loss in excess of the underlying limits of insurance, comprising the following: (a) a commercial general liability policy issued by ACE American Insurance Company that has a $2 million limit per occurrence; (b) a commercial umbrella liability policy issued by Travelers that has a $10 million limit per occurrence; and (c) a commercial excess policy issued by Indian Harbor Insurance Company that has a $15 million limit per occurrence. Berkley National's policy participates in a quota-share layer of $50 million per occurrence, shared by Great American Insurance Company. Berkley National's policy covers 50% of covered loss in excess of $27 million in underlying limits, subject to a $25 million policy limit.

21. The Berkley National policy follows form to the terms, conditions, definitions, and exclusions of the Travelers policy, except to the extent the terms, conditions, definitions or exclusions of the Berkley National policy differ from those of the Travelers policy.

22. The Travelers policy, and therefore under the Berkley National policy except where modified, covers sums that an insured becomes legally obligated to pay as damages because of bodily injury that occurs during the policy period subject to the policy's terms, conditions, exclusions, and limitations.

23. The Travelers policy, and therefore the Berkley National policy, further provides that "[p]urusant to Illinois law, only the vicarious liability for punitive or exemplary damages . . . will be considered damages covered by this policy."

*The Underlying Lawsuit*

24. On November 13, 2017, Paula Johnson filed the underlying lawsuit against Prairie Farms and its subsidiary, P.F.D. Supply.

25. In the underlying lawsuit, Paula Johnson alleged that Eric Johnson owned and operated a courier business known as CJS Express, Inc.

26. The lawsuit arose out of events occurring on August 5, 2016, when Prairie Farms and P.F.D. Supply allegedly arranged for CJS Express to transport crates of strawberries from a distribution center in St. Peters, Missouri, to a customer in Fayetteville, Arkansas.

27. According to the Third Amended Complaint, which was the operative pleading at the time of trial, the shipment consisted of containers of strawberries packed with dry ice, which sublimates into carbon dioxide gas and can create a risk of asphyxiation in confined spaces.

28. Paula Johnson alleged that a P.F.D. Supply warehouse employee packed the strawberries with dry ice and loaded the containers into Eric Johnson's delivery vehicle without providing warnings regarding the risks associated with transporting dry ice in a small enclosed vehicle.

29. Paula Johnson further alleged that, after leaving the distribution center with the shipment in his vehicle, Eric Johnson was found unconscious inside the

vehicle in St. Charles, Missouri, where police officers discovered the vehicle still running with the windows closed and the containers of strawberries and dry ice inside.

30. Eric Johnson was allegedly transported to SSM St. Joseph's Hospital in St. Charles, Missouri, where he died on August 8, 2016.

31. In the underlying lawsuit, Paula Johnson asserted claims for negligence and wrongful death against Prairie Farms and P.F.D. Supply based on their alleged acts and omissions relating to the handling and transportation of dry ice.

32. Paula Johnson alleged that Prairie Farms and P.F.D. Supply failed to implement appropriate safety policies and procedures governing the handling, packaging, labeling, and transportation of dry ice.

33. Paula Johnson further alleged that Prairie Farms and P.F.D. Supply failed to train their employees regarding the hazards associated with dry ice and the risk that carbon dioxide gas could accumulate in confined spaces.

34. Paula Johnson also alleged that Prairie Farms and P.F.D. Supply failed to provide Eric Johnson with instructions or warnings regarding the dangers of transporting dry ice in a small enclosed vehicle.

35. Paula Johnson further alleged that Prairie Farms and P.F.D. Supply permitted the shipment to be transported in a vehicle that was unsuitable for transporting dry ice.

36. In addition, Paula Johnson alleged that Prairie Farms maintained corporate oversight of environmental health and safety functions affecting P.F.D.

Supply and that Prairie Farms failed to implement or enforce safety policies and training concerning the handling and transportation of dry ice.

37. Based on those allegations, Paula Johnson asserted claims seeking punitive damages against Prairie Farms and P.F.D. Supply based on alleged willful and wanton misconduct, including allegations that those entities knowingly failed to implement safety policies, training, and warnings despite the known dangers associated with dry ice.

38. The underlying lawsuit proceeded to a jury trial.

39. At trial, Paula Johnson presented evidence and argument that Prairie Farms and P.F.D. Supply each were directly responsible for the conditions that led to Eric Johnson's death, including evidence concerning their safety policies, corporate oversight, and management-level decisions regarding the handling and transportation of dry ice.

40. Paula Johnson's theory at trial was that Prairie Farms and P.F.D. Supply each failed to implement appropriate safety policies and procedures governing the handling, labeling, and transportation of dry ice and failed to ensure that individuals transporting products packed with dry ice were warned of the associated risks.

41. Paula Johnson presented expert testimony regarding safety practices and hazard-communication standards, including testimony that Prairie Farms and P.F.D. Supply lacked adequate written safety policies, hazard-communication programs, and training relating to dry ice and carbon-dioxide hazards.

42. The evidence at trial included testimony and corporate admissions indicating that Prairie Farms exercised corporate oversight of environmental health and safety functions affecting P.F.D. Supply, yet neither Prairie Farms nor P.F.D. Supply implemented or enforced safety policies or training addressing the hazards associated with dry ice.

43. Paula Johnson also presented evidence that Prairie Farms and P.F.D. Supply failed to provide warnings, instructions, or training to individuals transporting shipments packed with dry ice and failed to adopt policies governing the safe transportation of such materials.

44. Paula Johnson argued that these failures reflected systemic corporate-level indifference to safety and demonstrated that Prairie Farms and P.F.D. Supply knowingly failed to implement basic safety measures despite the known hazards associated with dry ice and carbon-dioxide exposure.

45. During trial, Prairie Farms and P.F.D. Supply objected to the submission of punitive damages based on direct corporate liability and argued that punitive damages should not be submitted against them on that basis.

46. The trial court overruled those objections and permitted the jury to consider punitive damages based on Prairie Farms' and P.F.D. Supply's own conduct.

47. The jury was instructed that it could award punitive damages if it found that Prairie Farms' or P.F.D. Supply's conduct showed "complete indifference to or conscious disregard for the safety of others."

48. The jury instructions further permitted the jury to consider whether aggravating circumstances existed based on Prairie Farms' or P.F.D. Supply's own conduct.

49. The verdict forms required the jury to determine separately whether aggravating circumstances existed as to Prairie Farms and P.F.D. Supply and then to determine the amount of punitive damages, if any, to be assessed against each entity.

50. The jury instructions informed the jury that it could award punitive damages in such sum as it believed would "serve to punish" Prairie Farms and P.F.D. Supply and "deter" them and others from similar conduct.

51. The jury returned verdicts finding aggravating circumstances and awarding $190 million in punitive damages against Prairie Farms and $1.5 million in punitive damages against P.F.D. Supply.

*The Coverage Dispute*

52. Following the verdict in the underlying lawsuit, Prairie Farms has contended that the punitive damages awarded against Prairie Farms and P.F.D. Supply constitute covered damages under the insurance policies described above.

53. Prairie Farms has asserted that the punitive damages award is covered because, according to Prairie Farms, the award was based on vicarious liability for the conduct of employees.

54. Sompo and Berkley National dispute that contention.

55. The Travelers policy, to which the Sompo and Berkley National policies follow form, expressly provides that "only the vicarious liability for punitive or exemplary damages . . . will be considered damages covered by this policy."

56. The punitive damages awarded in the underlying lawsuit were assessed directly against Prairie Farms and P.F.D. Supply based on their own acts and omissions, including alleged failures to implement safety policies, provide warnings, and train employees regarding the hazards associated with dry ice.

57. The jury instructions permitted the jury to award punitive damages based on Prairie Farms' and P.F.D. Supply's own conduct and directed the jury to determine whether those entities acted with "complete indifference to or conscious disregard for the safety of others."

58. The verdict forms required the jury to determine separately whether aggravating circumstances existed as to Prairie Farms and P.F.D. Supply and to assess punitive damages against each entity.

59. As a result, the punitive damages award does not fall within the limited category of punitive damages that the Travelers policy—and therefore the Sompo and Berkley National policies—recognize as covered damages. And insurance coverage for such punitive damages is contrary to public policy under the governing law.

60. An actual and justiciable controversy therefore exists between Sompo, Berkley National, Prairie Farms, P.F.D. Supply, and Paula Johnson regarding

whether the punitive damages awarded in the underlying lawsuit constitute covered damages under the Sompo and Berkley National policies.

## COUNT ONE

*Declaratory Judgment*

61.    Sompo and Berkley National reallege and incorporate by reference the allegations set forth in paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, which authorizes courts to declare the rights and obligations of the parties in cases of actual controversy.

63.    An actual and justiciable controversy exists among the parties regarding whether the punitive damages awarded against Prairie Farms and P.F.D. Supply in the underlying lawsuit constitute covered damages under the Sompo and Berkley National policies.

64.    The Sompo and Berkley National policies follow form to the Travelers policy, which provides that "only the vicarious liability for punitive or exemplary damages . . . will be considered damages covered by this policy."

65.    The punitive damages awarded in the underlying lawsuit were imposed directly against Prairie Farms and P.F.D. Supply based on their own alleged acts and omissions, including alleged failures to implement safety policies, provide warnings, and train employees regarding the hazards associated with dry ice.

66. The jury instructions permitted the jury to award punitive damages based on Prairie Farms' and P.F.D. Supply's own conduct and directed the jury to determine whether those entities acted with "complete indifference to or conscious disregard for the safety of others."

67. The verdict forms required the jury to determine separately whether aggravating circumstances existed as to Prairie Farms and P.F.D. Supply and to assess punitive damages against each entity.

68. Because the punitive damages award was imposed directly against Prairie Farms and P.F.D. Supply and was not limited to vicarious liability, the punitive damages awarded in the underlying lawsuit do not constitute covered damages under the Sompo and Berkley National policies.

69. In the alternative, the punitive damages award was imposed against Prairie Farms and P.F.D. Supply to "punish" them and "deter" them and others from similar conduct; consequently, the punitive damages award is uninsurable as a matter of law.

70. Sompo and Berkley National therefore have no obligation under the Sompo and Berkley National policies to indemnify Prairie Farms or P.F.D. Supply for the punitive damages awarded in the underlying lawsuit.

71. Sompo and Berkley National are entitled to a declaration of the parties' respective rights and obligations under the Sompo and Berkley National policies with respect to the punitive damages awarded in the underlying lawsuit.

WHEREFORE, Sompo and Berkley National respectfully request that this Court enter judgment in their favor and against Prairie Farms, P.F.D. Supply, and Paula Johnson: (a) declaring that the punitive damages awarded against Prairie Farms and P.F.D. Supply in the underlying lawsuit do not constitute covered damages under the Sompo and Berkley National policies; (b) declaring that Sompo and Berkley National have no obligation under the Sompo and Berkley National policies to indemnify Prairie Farms or P.F.D. Supply for the punitive damages awarded in the underlying lawsuit; and (c) granting such other and further relief as the Court deems just and proper.

Dated: March 12, 2026.                    Respectfully submitted,

                                          /s/Christopher A. Wadley
                                          Attorney for Endurance American
                                          Insurance Company

Walker Wilcox Matousek LLP
One N. Franklin St. Ste. 3200
Chicago, IL 60606
Phone: (312) 244-6700
Fax: (312) 244-6800
Email: cwadley@walkerwilcox.com

                                          /s/Noel B. Habarek
                                          Attorney for Berkley National
                                          Insurance Company

Meagher + Geer PLLP
230 West Monroe Street, Suite 1900
Chicago, IL 60606
Phone: (312) 463-1045
Email: nhaberek@meagher.com